1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER BANDIERO, individually, | Case No.:      2:23-cv-02115-APG-NJK |
| Plaintiff, | **JOINT PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER** |
| vs. | |
| WYNN LAS VEGAS, LLC, a Nevada limited-liability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

Plaintiff, JENNIFER BANDIERO ("Plaintiff"), by and through her counsel of record, the law firm MAIER GUTIERREZ & ASSOCIATES, and defendant WYNN LAS VEGAS, LLC ("Defendant"), by and through its counsel of record, the law firm JACKSON LEWIS, P.C., hereby submit this proposed joint discovery plan and scheduling order.

**FRCP 26(f) Conference**.      On March 8, 2024, Danielle J. Barraza, Esq., counsel for Plaintiff, and Deverie J. Christensen, Esq., as counsel for Defendant, participated in a discovery and scheduling conference (the "Conference") to discuss all of the issues required by Federal Rule Civil Procedure 26(f).  The parties' initial disclosures will be made by **March 22, 2024**, fourteen (14) days after the Conference.  At this time, the parties do not believe that any changes are necessary as to the timing, form, or requirement of disclosures under Rule 26(a). The parties propose the following

discovery plan:

1. **Discovery Cut-Off Date:**  The proposed cut-off date for discovery shall be **September 3, 2024**, 180 days from the date of Defendant's first appearance that occurred on March 7, 2024.

2. **Amending the Pleadings and Adding Parties:**  All motions to amend the pleadings or to add parties shall be filed no later than **June 5, 2024**, ninety (90) days prior to the proposed close of discovery.

3. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):**  Disclosures concerning initial experts shall be made by **July 5, 2024**, sixty (60) days before the proposed discovery cut-off date. Disclosures concerning rebuttal experts shall be made by **August 5, 2024**, thirty (30) days after the initial disclosure of experts.

4. **Dispositive Motions:**  The date for filing dispositive motions shall not be later than October 3, 2024, thirty (30) days after the proposed discovery cut-off date.

5. **Pretrial Order:**  The date for filing the joint pretrial order shall not be later than November 4, 2024, thirty (30) days after the cut-off for filing dispositive motions.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:**  The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections hereto, shall be included in the joint pretrial order.

7. **Alternative Dispute Resolution:**  The parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, including mediation and arbitration.  The parties agree to explore all resolution options and participate in the upcoming ENE in good faith.

8. **Alternative Forms of Case Disposition:**  The parties certify that they have discussed the possibility of trial by the magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), and agree that this case is properly suited before the District Judge.

9. **Electronic Filing and Service:** The Parties' attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4.  For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to djb@mgalaw.com and yg@mgalaw.com; for Defendants, service shall be made by email to deverie.christensen@jacksonlewis.com and kelley.chander@jacksonlewis.com.

10. **Electronically Stored Information**. The parties have undertaken efforts to retain any electronically stored information relevant to this matter and have agreed that, unless the requesting party asks for a definite and specific form, the party producing any electronically stored information need not provide such information in any certain form as long as the form provides the other party (ies) reasonable access to the information.  The parties have further agreed that, to the extent any party seeks electronically stored information that would be cumulative, burdensome or unduly costly to produce, counsel for the parties will confer in good faith in an effort to reach a mutual agreement regarding the production of such information.

11. **Electronic Evidence at Trial:**  The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties stipulate to provide discovery in an electronic format compatible with the Court's electronic jury evidence display system, to the extent practicable, and to the extent it is not practicable, the parties shall meet and confer and otherwise work in good faith with respect to the presentation of electronically stored information should any dispute arise.

12. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation

3

or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made pursuant to LR 26-3 no later than twenty-one (21) days before the subject deadline.

13. **<u>Subjects of Discovery:</u>**   The parties agree that discovery may be taken on any subjects permitted by the Federal Rules of Civil Procedure, including all aspects of Plaintiffs' claims and Defendant's defenses in this matter. No changes should be made on the limitations of discovery imposed under the Federal Rules of Civil Procedure or Local Rules.

14. **<u>Discovery Phases:</u>**  The parties do not believe it is necessary to conduct discovery in phases.

15. **<u>Document Production:</u>**  All documents produced in this action will be delivered as either hardcopy documents or Portable Document Format ("PDF") images unless the requesting party specifically requests that any responsive electronic documents be produced in native format.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

2    16. **<u>Protective Orders For Confidential Documents And/Or Information:</u>**  The parties have

3          discussed the potential need for a protective order for confidential documents and/or

4          information, and will meet and confer on the terms of a stipulated protective order should one

5          be proposed.

6

7    DATED this 18th day of March 2024.      DATED this 18th day of March 2024.

8    **MAIER GUTIERREZ & ASSOCIATES**      **JACKSON LEWIS, P.C.**

9

10   _/s/ Danielle J. Barraza_____    _/s/ Deverie J. Christensen_____
JASON MAIER, ESQ.                  DEVERIE J. CHRISTENSEN, ESQ.

11  Nevada Bar No. 8557                Nevada Bar No. 6596
DANIELLE J. BARRAZA, ESQ.         CAYLA J. WITTY, ESQ.

12  Nevada Bar No. 13822               Nevada Bar No. 12897
8816 Spanish Ridge Avenue         300 South Fourth Street, Suite 900

13  Las Vegas, Nevada 89148           Las Vegas, Nevada 89101
*Attorneys for Plaintiff Jennifer Bandiero*    *Attorney for Defendant Wynn Las Vegas, LLC*

14

15

16

17      IT IS SO ORDERED.

18

19                                     _____
**UNITED STATES MAGISTRATE JUDGE**

20                          DATED: __March 19, 2024_____

21

22

23

24

25

26

27

28

5